UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANKLIN S. YUDKIN, | ) | |
| FRANKLIN S. YUDKIN & ASSOCIATES | ) | |
| PSC, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:14-cv-02119-JMS-DML |
| | ) | |
| vs. | ) | |
| | ) | |
| CLIFFORD T. RUBENSTEIN, | ) | |
| MAURER RIFKIN & HILL, PC, | ) | |
| ROBERT  IMBODY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently pending before the Court are Plaintiffs Franklin S. Yudkin ("Mr. Yudkin") and

Franklin S. Yudkin & Associates' (collectively, "Plaintiffs") Objection, [Filing No. 54], to the

Magistrate Judge's Report and Recommendation, [Filing No. 53], on Motions to Dismiss filed by

Defendants Clifford T. Rubenstein ("Mr. Rubenstein") and Maurer Rifkin & Hill, PC (collectively,

the "Rubenstein Defendants"), [Filing No. 15], and *pro se* Defendant Robert Imbody, [Filing No.

32].  For the reasons set forth herein, the Court **OVERRULES** Plaintiffs' Objection, [Filing No.

54], and **ADOPTS** the Magistrate Judge's Report and Recommendation in full, [Filing No. 53].

### I.
### BRIEF BACKGROUND

Mr. Yudkin filed this action against the Defendants in December 2014.  [Filing No. 1.]

The operative complaint alleges claims against the Defendants for defamation, negligent infliction

of emotional distress, and intentional infliction of emotional distress.  [Filing No. 5.]  The operative

complaint alleges that this Court has diversity jurisdiction and seeks compensatory and punitive

damages totaling not less than $250,000.  [Filing No. 5 at 18.]  Plaintiffs' claims in this action

1

primarily stem from the contents of a letter that Mr. Rubenstein sent to Mr. Yudkin on behalf of the Rubenstein Defendants' then-client Mr. Imbody in October 2014.  [Filing No. 5; Filing No. 5-1 (October 30, 2014 letter).]

In response to Plaintiffs' Amended Complaint, the Defendants filed Motions to Dismiss. [Filing No. 15; Filing No. 32.]  This Court referred those motions to assigned Magistrate Judge Debra McVicker Lynch, designating her to conduct any necessary hearings and issue a report and recommendation regarding the proper disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B).  [Filing No. 29; Filing No. 37.]  Magistrate Judge Lynch issued her Report and Recommendation on November 12, 2015, recommending that the pending Motions to Dismiss be granted and that all of Plaintiffs' claims be dismissed.  [Filing No. 53.]  Plaintiffs now object, [Filing No. 54], and the Rubenstein Defendants have filed a response in opposition to that Objection, [Filing No. 55].

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides that the Court will review recommendations on dispositive motions *de novo*.  Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition.  Fed. R. Civ. Pro. 72(b)(3).  Although no deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*, 191 F.3d 455 (7th Cir. 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context.  Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived."  *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000).  As the Seventh Circuit Court of Appeals has observed, "there are good reasons for the rule," even in the context of *de novo* review.  *Id.*  Failure to fully develop arguments before the magistrate judge may prejudice a party, and "a willingness

to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.*

### III.
### DISCUSSION

For purposes of ruling on Plaintiffs' Objection, the Court adopts the Magistrate Judge's accurate and thorough recitation of the procedural and factual background underlying Plaintiffs' claims. [Filing No. 53 at 2-8.]

The Court has reviewed the briefing on the Defendants' Motions to Dismiss, the Magistrate Judge's Report and Recommendation, and the briefing on Plaintiffs' Objection. As the Rubenstein Defendants point out at various points in response to Plaintiffs' Objection, Plaintiffs make many of the same arguments in their Objection that they made in responding to the Defendants' Motions to Dismiss. The Court will not readdress those arguments because, to put it simply, the Court agrees completely with the thorough analysis and conclusions set forth by the Magistrate Judge in her Report and Recommendation. Moreover, Plaintiffs' Objection will not be permitted to serve as a second bite at the apple.

The Court only finds one issue in Plaintiffs' Objection that it must specifically address. Approximately two-thirds of the way into their Objection, Plaintiffs make a Kentucky choice-of-law argument. [Filing No. 54 at 25-29.] Plaintiffs all but concede, however, that they did not make a cogent Kentucky choice-of-law argument while responding to the Defendants' Motions to Dismiss. [Filing No. 54 at 25 (Plaintiffs' Objection, which "apologizes if [they] did not make it clearer to the Magistrate that [their] position is as to the letters, they were received in Kentucky and under Indiana law, Kentucky law applies").] In fact, Plaintiffs did not cite Kentucky law at any point in the 23-page response brief to Mr. Imbody's Motion to Dismiss, [Filing No. 44], and

only cited Kentucky law as support for the publication argument in the 26-page response brief to the Rubenstein Defendants' Motion to Dismiss, [Filing No. 21 at 17-19].

It is well-established that a party may waive a choice-of-law argument by failing to assert it. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). It is also well-established that a party's failure to meaningfully develop an argument results in waiver. *See Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1006 (7th Cir. 2008) (concluding that a two-paragraph argument was "so brief" that the party "has waived it"). Because Plaintiffs did not meaningfully develop any argument regarding the application of Kentucky law to their state law claims in response to the Defendants' Motions to Dismiss, the Court finds that Plaintiffs have waived that issue. Thus, it was proper for the Magistrate Judge to apply Indiana substantive law to address Plaintiffs' state law claims. *McCoy*, 760 F.3d at 684 ("[w]hen no party [meaningfully] raises the choice of law issue, the federal court may simply apply the forum state's substantive law").[1]

At bottom, the Court agrees with the Magistrate Judge's conclusions regarding Plaintiffs' claims against the Defendants. Mr. Yudkin may well have been offended by certain language in the communications at issue, perhaps rightfully so. But even making all logical inferences in favor of Plaintiffs, as the Court is required to do at this stage of the litigation, they cannot maintain claims for defamation, negligent infliction of emotional distress, or intentional infliction of emotion distress as a matter of law against any of the Defendants for the reasons set forth in the Magistrate Judge's Report and Recommendation. Because the Court agrees with the analysis and

---

[1] Additionally, any error in not applying Kentucky law to the publication element of Plaintiffs' defamation claim—the only context in which Plaintiffs cited Kentucky law in response to the Defendants' Motions to Dismiss—is harmless because the Magistrate Judge found in Plaintiffs' favor on that element by concluding that the Amended Complaint plausibly alleged publication. [Filing No. 53 at 15-20.]

conclusions therein, it adopts the Magistrate Judge's Report and Recommendation in full, [Filing No. 53], overrules Plaintiffs' Objection, [Filing No. 54], and grants the Defendants' Motions to Dismiss, [Filing No. 15; Filing No. 32].

## IV.
### CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Plaintiffs' Objection, [Filing No. 54], and **ADOPTS** the Magistrate Judge's Report and Recommendation in full, [Filing No. 53]. The pending Motions to Dismiss are **GRANTED**, [Filing No. 15; Filing No. 32], and Plaintiffs' claims are **DISMISSED**. Final judgment shall enter accordingly.

Date: January 6, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

ROBERT IMBODY
P.O. Box 501111
Indianapolis, IN 46250

**Distribution via CM/ECF:**

Franklin S. Yudkin
fyudkin@bellsouth.net

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

R. Eric Sanders
KIGHTLINGER & GRAY
esanders@k-glaw.com

5